IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROSEMARY GILBERT, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | NO. 11-4578 |
| v. | : | |
| MICHAEL J. ASTRUE, *Comm'r of Soc. Sec.*, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 11th day of December, 2012, upon consideration of Plaintiff's Request for Review (Dkt. No. 16), Defendant's Response in opposition thereto (Dkt. No. 17), the Magistrate Judge's Report and Recommendation (Docket No. 19), Plaintiff's Objections (Dkt. No. 20), and Defendant's Response to Plaintiff's Objections (Dkt. No. 23), it is hereby

ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED;[1]

---

[1] Plaintiff's Objections largely restate the arguments she made in her opening brief. *See, e.g.,* Dkt. No. 16 at 4, 5, 13, 20. Accordingly, this Court need not accord *de novo* review. *See* 28 U.S.C. § 636(b)(1).

In any event, regardless of the Administrative Law Judge's ("ALJ") characterization of Plaintiff's knee treatment as "routine and "conservative," Plaintiff still maintained the functional capacity to perform sedentary work, as the ALJ found. As Defendant notes, Plaintiff managed her own personal care, sorted laundry and performed household chores, assisted her daughter with homework, and completed puzzles, among other tasks. (Tr. 35, 89-90, 92, 288.) At the time she filed her disability application, she reported no difficult walking, standing, sitting or using her hands. (Tr. 20, 79.) *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986) (the court's "inquiry is not whether the ALJ could have reasonably made a different finding based on this record," but "whether the ALJ's actual findings are supported by substantial record

2. The Magistrate Judge's Report and Recommendation is APPROVED AND ADOPTED;

3. Plaintiff's Request for Review is DENIED and judgment is ENTERED in favor of Defendant.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. DARNELL JONES, II     J.

---

evidence"); *Burnett v. Apfel*, 220 F.3d 112, 118 (3d Cir. 2000) ("Substantial evidence has been defined as 'more than a mere scintilla'; it means 'such relevant evidence as a reasonable mind might accept as adequate.'") (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)).

Furthermore, the ALJ did not "disregard" or "discount" Plaintiff's subjective complaints of pain, nor did she fail to accord such complaints "great weight" in the absence of "competent medical evidence to the contrary." (Dkt. Nol. 20 at 3.) While acknowledging Plaintiff's claims of disabling pain, and recognizing that her impairments could produce back and knee pain, the ALJ considered evidence from various treatment records to determine that Plaintiff's testimony on this point simply lacked credibility as to its allegedly disabling nature. (Tr. 20-22, 109-11, 149-51, 157, 163-67, 170, 205-206, 209, 211-12, 234, 263-64, 273, 277, 288-91.) Record evidence led the ALJ to conclude that Plaintiff's pain, while real, did not preclude her from working, or require a finding of disability. *See Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986) (a claimant's "pain may be constant and uncomfortable" yet not disabling).